## DOOLITTLE *v.* SHELTON.

In a proceeding by attachment, under the statute, when the defendant has not been served with process, the judgment should be *in rem* only, and not *in personam.*

Decisions of our territorial supreme court will not be disturbed, unless manifestly erroneous.

Though the supreme court may give such a judgment as the district court should have rendered, it will not be done, when the defendant has not had a hearing below.

ERROR, *to Des Moines District Court.*

*Hall* and *Mason,* for the plaintiff in error, cited *Willkie* v. *Jones,* Morris, 97.

*David Rorer,* for the defendant.    The third cause of error assigned seems to be the only one relied on by plaintiff in error ; to support which, reference is made to the case of *Willkie* v. *Jones,* Morris, 97.

1. The defendant in error contends that the adjudication in the case cited does not apply to the case at bar, as it was there decided that the defendant, Jones, was not legally in court; the cause having been disposed of at a special term, intervening before the regular term, to which the newspaper notice pointed.

2. That if intended to be as broad in its effect as claimed for it by plaintiff in this case, then the decision was obviously wrong ; and as it is not authority binding on this court, should be disregarded.

It is not binding authority on this court, as the supreme judicial tribunal of a sovereign state ; the court that rendered it being only the temporary court of a mere colonial dependency, or local corporation.    It should only be respected so far as found to be in accordance with the principles of law.

In support of the allegation that the case cited from Morris' Reports was erroneously decided, if intended to establish the principle, that in no case of attachment terminated without

personal service, a judgment *in personam* can be entered ; defendant in error refers to the case of *Miere* v. *Bush*, 3 Scam. 23, where it is said that the plaintiff in attachment is entitled to the usual judgment, which is general, etc., but that execution is to go against the property only.

*Opinion by* KINNEY, J. This was an action of covenant commenced by Shelton against Doolittle by an attachment *in rem*, and judgment was rendered *in personam.* The error assigned and relied upon by plaintiff is, that the court rendered judgment against the defendant *in personam*, when it should have been against the property attached only.

The statute, after prescribing the manner of publication in cases of attachment, where service has not been had upon the defendant, states that if the defendant do not appear as there-in required, the final judgment thereupon entered shall be conclusive, so far as regards the property attached. *Rev. Stat.* p. 81, § 24.

We think this statute clearly defines the rights of the parties, and prescribes the duty of the court in the rendition of judgments in cases of attachments, when the defendant has not been served with process.

The plaintiff resorts to his remedy by attachment. Service is not had upon the defendant, and the statute we think has wisely confined the plaintiff to his own remedy, by limiting him to a judgment against the property attached. If he were permitted to take his judgment against the person, great injustice might be done to the defendant, who has not had any opportunity of making his defense.

In the case of *Willkie* v. *Jones*, Morris, 97, the same point involved in this case has been decided, and as we think correctly. Although the decisions of the territorial supreme court are not conclusive authority in this court, yet we are not disposed to disturb them unless clearly erroneous, and more particularly those decisions made upon questions growing out of the statute, settling principles by which parties have been governed in their business relations.

18

But it is urged by counsel for defendant in error, that if the judgment below was erroneous, yet this court can render such a judgment as the court below ought to have rendered. (*a*) The statute has clothed this court with such discretion; but in this case where the defendant, by the nature of the remedy, has not had any opportunity of making a defense, it might do great injustice to exclude him from making his defense, which would be the result of rendering such a judgment as the court below ought to have rendered.

Judgment reversed.

(*a*) See Laws of 1844, p. 9, § 31.